Burke I. Burke, J.
This is a demurrer to the above-numbered indictment on the grounds that the facts stated therein do not constitute a crime. The indictment alleges the crime of kidnapping in violation of subdivision 2 of section 1250 of the Penal Law, and describes the defendant as a person ‘ ‘ having reached the age of fifteen years and not having reached the age of sixteen years ”.
Section 1250 of the Penal Law provides that kidnapping is punishable “if a person other than a parent of the person kidnapped, by death ”. The trial jury, however, may recommend imprisonment in lieu of death, and upon such recommendation the person shall he punished by imprisonment under an indeterminate sentence of from 20 years to the natural life of such convicted person. The section further states that if the kidnapped person he released and returned alive prior to the opening of the trial the death penalty shall not apply.
Defense counsel’s argument is that section 1250 does not provide specifically for life imprisonment, hut rather an indeterminate sentence of from 20 years to life, and that the death penalty is not applicable because he states the child alleged to have been kidnapped was released and returned alive prior to the trial.
The latter statement is counsel’s personal conclusion and a proposition which is not before the court as far as consideration of the sufficiency of the indictment is concerned. Whether the kidnapped person was released — and returned — would he a matter of proof.
Counsel’s argument concerning the indeterminate sentence need not he passed upon here as the court finds that this is a case in which the death penalty may or may not be imposed according to the proof offered at the trial.
The demurrer, therefore, is disallowed and the court will enter a plea of not guilty for the defendant unless the defendant elects to plead otherwise in accordance with section 330 of the Code of Criminal Procedure.